IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BeatStars, Inc.,** § | |
| *Plaintiff* § | |
| § | |
| v. § | |
| § | Case No. 1:21-CV-905-LY |
| **Space Ape Limited and** § | |
| **John Doe Entity,** § | |
| *Defendants* § | |

**ORDER**

Before the Court are Defendant Space Ape Limited's Motion to Compel Plaintiff to Fully Respond to Discovery Requests, filed October 21, 2022 (Dkt. 49), and Plaintiff BeatStars Inc.'s Response to Defendant Space Ape Limited's Motion to Compel, filed November 4, 2022 (Dkt. 52).[1] Defendant did not file a Reply. The District Court referred the Motion and related filings to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 50.

## I. Background

BeatStars, Inc. filed this trademark infringement action against Space Ape Limited and John Doe Entity on October 7, 2021. Dkt. 1. In its Amended Complaint, BeatStars alleges that it is "a music streaming and beat licensing platform designed for recording artists and songwriters to discover and acquire production music for recording and lyric composition." Dkt. 39 ¶ 6. Recording artists purchase and download studio music files from the BeatStars platform. *Id.*

---

[1] Pursuant to Local Rule CV-7(d)(2), Plaintiff's Response was due October 28, 2022. On that date, the parties filed a Notice of Agreed Extension stating that Plaintiff would file its Response on November 4, 2022. Such agreements are ineffective in this Court; a party seeking relief from a Court deadline must file a motion for extension, indicating in the title whether it is opposed, and a proposed order. *Id.*; Local Rule CV-7(g). The Court has considered Plaintiff's Response but may not consider future briefs filed out of time.

1

BeatStars also offers downloadable computer application software. *Id.* ¶ 7. BeatStars owns a federal registration on the Principal Register for the composite mark **BEATSTARS** issued July 13, 2021 for "downloadable computer application software for the storage and licensing of digital media downloaded from a global computer network or mobile phone, all in the field of music," in International Class 9 (Reg. No. 6414144), as well as three pending applications to register BEATSTARS for music-related services. Dkt. 39 ¶ 8.

Space Ape is a mobile gaming company. *Id.* ¶ 9. BeatStars alleges that "in or about August 2021 Defendant first began providing in the United States a downloadable computer software application with the name 'Beatstar' for a music beat game, including through the Apple App Store and Google Play App Store." *Id.* ¶ 10. BeatStars alleges that Space Ape's game "allows the user to select and interact with particular songs by tapping, swiping, and touching the notes of a song on a mobile application screen to receive a score." *Id.* ¶ 11. Space Ape owns a federal trademark registration on the Principal Register for the mark **BEATSTAR** (in standard characters), issued November 5, 2019 for goods and services that include "computer application software for mobile phones, namely, software for enabling users to play games" in International Class 9 (Reg. No. 5900220). *See* Dkt. 39 ¶ 18.

Asserting priority and likelihood of confusion, BeatStars brings claims against Space Ape for trademark infringement, false designation of origin, and unfair competition under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, as well as for trademark infringement and unfair competition under Texas common law. Relief BeatStars seeks includes, *inter alia*, cancellation of Space Ape's trademark registration, a permanent injunction, recall, corrective advertising, a disclaimer, actual and punitive damages, and attorneys' fees and costs.

Space Ape now moves to compel BeatStars to produce documents responsive to one interrogatory and six requests for production concerning BeatStars' financial information and use and registration use of its mark outside the United States.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

The party resisting discovery bears the burden to show that the discovery sought is irrelevant or not proportional to the needs of the case. *See McLeod, Alexander, Power & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Hunt Constr. Grp. v. Cobb Mech. Contractors, Inc.*, No. A-17-CV-215-LY, 2018 WL 5311380, at *3 (W.D. Tex. Oct. 25, 2018); *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 436 (N.D. Tex. 2016).

## III.    Analysis

The Court first considers Space Ape's motion to compel sales figures from BeatStars, then turns to requests concerning BeatStars' registration and use of its mark outside the United States.

**A. Sales**

Space Ape moves to compel further responses and document production in response to its Interrogatory No. 12 and Requests for Production Nos. 41 and 43-45, reproduced below.

> **Interrogatory No. 12:** For each good or service required to be identified in response to Interrogatory No. 2, state in dollars the total annual sales of the good or service under or in connection with the Asserted Marks for each of the last 5 years.

Dkt. 49-11 at 10. In its supplemental response to Interrogatory No. 12, BeatStars identified a four-page document showing the volume of downloads and users of its app, Dkt. 49-11 at 10, and also points to a document it characterizes as "a profit and loss statement from 2017-2021 showing (among other things) amounts spent on advertising the BEATSTARS trademark in connection with BeatStars's free website and free mobile apps." Dkt. 52 at 5-6. The parties did not file these documents, but Space Ape contends that they do not show the requested information, i.e., BeatStars' sales in dollars: "Rather, the documents show the number of downloads of Plaintiff's software and user acquisition numbers." Dkt. 49 at 6.

> **Request for Production No. 41:** Documents sufficient to show the annual volume of sales (in dollars and units) of all goods or services sold, directly or indirectly, by Plaintiff under or in connection with the Asserted Marks for each of the last five years.
>
> **Request for Production No. 43:** Documents sufficient to show projected sales of goods or services sold or intended to be sold, directly or indirectly, by Plaintiff under or in connection with the Asserted Marks, including, but not limited to, Documents sufficient to show the information on which such calculations are based.
>
> **Request for Production No. 44:** Documents sufficient to show the calculation of the gross and net profits realized by Plaintiff, directly or indirectly, from the sale of any goods or services under or in connection with the Asserted Marks for each of the last five years.
>
> **Request for Production No. 45:** Documents sufficient to show any costs or expenses incurred by Plaintiff in connection with any goods or services marketed or sold or intended to be marketed and sold under or in connection with the Asserted Marks.

Dkt. 49-10 at 21-23. BeatStars objected to each of the four requests "on the grounds that it seeks confidential and sensitive business and financial information that is not relevant to any claim or defense." Dkt. 49-10 at 22-23. BeatStars also objected to Requests Nos. 43 through 45 as "vague and ambiguous as to time." In its supplemental response to Request No. 45, BeatStars stated that it has produced information regarding its advertising and marketing expense. *Id.* at 23.

To the extent that BeatStars objects to producing the requested documents on the grounds that they are "confidential and sensitive business and financial information," the objections are **OVERRULED**. The parties have entered into a confidentiality and protective order pursuant to which BeatStars may designate appropriate information as confidential. Dkt. 31.

With respect to its objections as to relevancy, BeatStars asserts that its

> sales *in dollars* is not relevant to the issue of commercial strength of the BEATSTARS mark in this case, in part because the BeatStars website is free to use and the subject "BeatStars – Instrumental Beats" and "BeatStars Studio: My Media" mobile apps are completely free to download. Incidental revenue earned by a trademark owner cannot bear on the commercial strength of the trademark when the relevant goods or services are offered to consumers free of charge; rather, commercial strength is analyzed "based on the mark's standing in the marketplace."

Dkt. 52 at 5 (quoting *Firebirds Int'l v. Firebird Rest. Grp., LLC*, 397 F. Supp. 3d 847, 861 (N.D. Tex. Aug. 15, 2019)) (internal citation omitted).

The Court finds that BeatStars has failed to meet its burden to show that its sales information is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. While BeatStars is free to argue that the number of users and downloads of its goods and services are more relevant in determining the commercial strength of its marks, that does not render evidence concerning the dollar amount of any sales under its marks irrelevant.

In its Response, BeatStars focuses solely on its free apps and website. But Interrogatory No. 12 seeks annual sales for *every* good or service offered under BeatStars' marks identified in response to Interrogatory No. 2:

> **Interrogatory No. 2:** Identify all goods and services offered for sale, sold, or intended to be offered for sale or sold by or for the Plaintiff in the United States under or in connection with the Asserted Marks, specifically identifying whether each of the identified goods and services have been sold or provided or are intended to be sold or provided.
>
> **Response to Interrogatory No. 2:** Plaintiff offers computer applications, websites, music publishing rights, subscriptions and merchandise under the BEATSTARS mark. Plaintiff makes available its BeatStars App and BeatStars Studio App on the Apple App Store and Google Play. Plaintiff operates the online marketplace located at www.beatstars.com and www.beatstars.world, including its related Music Publishing services, in partnership with Sony Music Publishing, which helps Beatstars users receive royalty payments for the sale and commercialization of a user's beats. Plaintiff offers for sale and sells on its website BEATSTARS-branded merchandise such as caps, t-shirts, and other streetwear; and other goods and services that are provided on its social media applications. Plaintiff also offers gift cards under the BEATSTARS mark and "Beat ID", which is a content identification system that BeatStars' creators may use to track where their content appears on social websites. . . .

Dkt. 49-11 at 4.

The Court finds that BeatStars' annual sales of goods and services under its asserted marks are relevant to the strength of those marks and therefore to its claims against Space Ape. Accordingly, Space Ape's Motion to Compel is **GRANTED IN PART** as to Interrogatory No. 12 and Request for Production No. 41. **BeatStars shall fully respond to Interrogatory No. 12 and produce documents responsive to Request for Production No. 41 by December 15, 2022.**

While the parties say little concerning Requests for Production Nos. 43-45, the Court does not find BeatStars' projected sales for an unspecified time, profits, and costs or expenses (other than

6

for advertising and marketing) to be relevant to its claims or the strength of its marks. Accordingly, Space Ape's Motion to Compel is **DENIED** as to Requests for Production Nos. 43-45.

## B. Foreign Use and Registration

BeatStars also moves the Court to compel Space Ape to produce documents responsive to the following requests in its Second Set of Requests for Production:

> **Request for Production No. 52:** Documents sufficient to show the countries in which You promote and offer your services and, for each country, when such use first began.
>
> **Request for Production No. 53:** Documents sufficient to show any and all trademark registrations and pending applications outside of the United States.

Dkt. 49-7 at 3. BeatStars responded that it would not comply with either request, objecting that its services or promotion of its services, and its trademark registrations and pending applications, in other countries are neither relevant to any party's claim or defense nor proportional to the needs of this case. *Id.*

Space Ape argues that the information it seeks is relevant because: "In its trademark applications in other countries, Plaintiff has noted that there is no likelihood of confusion between the asserted marks in this case and the accused Space Ape mark. Such statements are relevant to the likelihood of confusion analysis; therefore, they are discoverable under the Federal Rules of Civil Procedure." Dkt. 49 at 9-10. Space Ape further argues that these statements "are relevant to the equities in this case," and that BeatStar has relied on alleged misdirected communications originating from outside the United States. *Id.* at 10. BeatStars responds that evidence regarding marks in foreign countries is irrelevant in connection with the parties' trademark rights in the United States: "Because it is black letter law that a trademark has a separate and distinct existence in each country where the trademark is registered or used, information regarding trademarks in foreign jurisdictions is not relevant in this case about the parties' United States trademark rights."

Dkt. 52 at 2. BeatStar further points out that Space Ape cites no binding authority for the proposition that its statements to authorities outside the United States are relevant to confusion.

The Court finds that BeatStars has satisfied its burden to show that foreign use of its mark, as well as any confusion arising outside the United States, is not relevant to the issue of confusion in the United States. *See, e.g.*, *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 599-600 (5th Cir. 1985) (concluding that admitting evidence of parties' foreign trademark practices was error); *Jarabes Veracruzanos, Inc. v. Productora de Alimentos Mexicanos*, No. SA-14-CA-466-FB, 2016 WL 7486368, at *3 (Apr. 8, 2016) (affirming exclusion of evidence concerning trademark use in Mexico under trademark territoriality principle). Similarly, BeatStars has shown that its statements in trademark applications in other countries are not relevant to the issues in this case. *Cf. Le-Vel Brands, LLC v. DMS Natural Health, LLC*, No. 4:20-CV-398-SDJ, 2021 WL 3048445, at *5 (E.D. Tex. July 20, 2021) (concluding that "the weight of authority indicates that prosecution-history estoppel does not apply in trademark disputes"). For these reasons, BeatStars' Motion to Compel is **DENIED** as to Requests for Production Nos. 52 and 53.

### IV.   Conclusion

In sum, Defendant Space Ape Limited's Motion to Compel Plaintiff to Fully Respond to Discovery Requests (Dkt. 49) is **GRANTED IN PART and DENIED IN PART**. The Motion is **GRANTED** as to Interrogatory No. 12 and Request for Production No. 41, with which Space Ape must comply by December 15, 2022, and **DENIED** as to Requests for Production Nos. 43, 44, 45, 52, and 53. All other relief not expressly granted herein is **DENIED**.

It is **FURTHER ORDERED** that this case be **REMOVED** from the undersigned Magistrate Judge's docket and **RETURNED** to the docket of the Honorable Lee Yeakel.

**SIGNED** on November 15, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE